Plaintiff-appellant appeals from that portion of a judgment of the Supreme Court, Broome County, entered after a trial before the court without a jury, which dismissed plaintiff’s complaint insofar as it sought the cancellation of a deed executed by Myra I. Pope to the defendant-appellant on October 23, 1942. Defendant-appellant appeals from that portion of the same judgment which set aside'a mortgage assignment from Myra I. Pope to herself and the defendant-appellant, dated April 6, 1943. In the original complaint, in which Myra I. Pope was plaintiff, it was alleged that the instruments referred .to were executed by her upon defendant’s agreement to preserve the real property and to support plaintiff for the rest of her life. Defendant’s answer denied any agreement, and alleged that the conveyances were absolute gifts. A supplemental complaint was served, in which the committee of Myra I. Pope was plaintiff, and which reaffirmed the allegations of the original complaint, and further alleges that Myra I. Pope was incompetent at the time the deed and the assignment of mortgage were executed. The amended answer was substantially a general denial. The proof adduced on the trial showed clearly that Myra I. Pope was mentally, incompetent at the time she executed the deed and assignment of mortgage in question, and not able to understand and appreciate the nature of the transactions. Judgment affirmed insofar as it sets aside the assignment of the mortgage described in the complaint; and reversed, with costs, upon the law and facts, insofar as it dismisses the plaintiff’s cause of action to set aside the deed described in the complaint; and plaintiff may have judgment setting aside the deed in question. All findings of fact and conclusions of law contained in the trial court’s memorandum decision that are inconsistent herewith are reversed. This court makes the following findings of fact: (1) That on or about the 23d day of October, 1942, Myra I. Pope conveyed to the defendant, Norris A. Rejebian, certain premises situated in the city of Binghamton, County of Broome and State of New York, by deed dated that day and recorded in the County Clerk’s Office of Broome County on the 24th day of October, 1942, in Book 542 of Deeds at page 160. (2) That on the date she made said conveyance the said grantor was.mentally incompetent and not able to understand and appreciate the nature of the transaction, That plaintiff-appellant is entitled to a judgment setting aside said deed. All concur.